Brown v. Ricketts.


## CONTRACTS—PLEADING—VERDICT.

[Hamilton (1st) Circuit Court, February 20, 1905.]

Jelke, Giffen and Swing, JJ.

### JAMES W. BROWN V. B. M. RICKETTS.

1. FAILURE TO ALLEGE PROMISE TO PAY, IN ACTION ON IMPLIED CONTRACT, NOT GROUND FOR REVERSAL OF JUDGMENT FOR PLAINTIFF.

A failure to aver in a suit for services upon an implied contract that the defendant agreed to pay what the services were worth, is not ground for a reversal of a judgment for such services, where upon consideration of the whole record it appears that substantial justice has been done.

2. JUDGMENT GRANTED WHERE CONCLUSION FROM SPECIAL VERDICT IS SELF-EVIDENT.

If, in such case from the facts found by the jury in a special verdict, the conclusion of an agreement to pay is so self-evident that no one would doubt it, the court is fully warranted in granting judgment thereon.

3. SPECIAL VERDICT SHOULD NOT SET OUT CONDUCT FROM WHICH REQUEST INFERRED.

For a jury to set forth in a special verdict the conduct from which a request is implied, would be to present the evidence in proof of the fact established by the evidence, and in violation of Sec. 5200 Rev. Stat.

ERROR to Hamilton common pleas court.

W. A. Hicks, for plaintiff in error.

G. H. Kattenhorn, for defendant in error.

GIFFEN, J.

The plaintiff below, Dr. Ricketts, avers in his petition, in substance, that at the instance and request of defendant, James W. Brown, he rendered professional services to Frank Brown, a son of the defendant, and that the fair value of such services is $780.

The defendant by answer admits the performance of the services, but denies each and every other allegation of the petition, and further avers that Frank Brown, the son of the defendant, was over twenty-one years of age at the time of the alleged request by the defendant.

The jury returned a special verdict, the substance of which is contained in the first and fifth paragraphs, to wit:

"That prior to the furnishing by plaintiff of the surgical operation and other services, board, lodging and nursing for the treatment and care of Frank Brown, the defendant requested plaintiff by his conduct to furnish the same; that at the time of said request plaintiff expected defendant to pay him, and defendant expected to pay plaintiff for the same; that the reasonable value thereof at the time they were furnished was $600; that the furnishing of the same was completed on March 31,

Hamilton County.

1900, and that payment thereof was then demanded by plaintiff from defendant and refused.

"That plaintiff expected to be paid by defendant, and defendant expected and intended to become liable to plaintiff at the time when plaintiff furnished professional services, board and lodging in the healing and care of defendant's son; that the reasonable value of the same at the time when the same was so furnished was $600; that the furnishing of the same was completed on March 31, 1900, and payment thereof was then demanded by plaintiff from defendant and refused."

It is claimed that the court erred in rendering judgment upon the special verdict in favor of the plaintiff, for the reason that the jury did not find all the facts necessary to sustain such judgment. The verdict, however, responds to every material averment in the petition controverted in the answer, and if the special verdict is insufficient to support the judgment the petition itself does not state facts sufficient to constitute a good cause of action, unless they may be supplied by implication.

The principal objection to the special verdict is that the jury failed to find that the defendant promised to pay the plaintiff for the services requested. We think the better practice is to aver that the defendant agreed to pay the plaintiff as much as said services were worth (Swan, Pleading & Precedents 503), although the omission seems not fatal to the cause of action. Bliss, Code Pl. Sec. 152; Pomeroy, Code Remedies Sec. 538 and following.

At all events, the defendant made no objection to the petition, but proceeded with the trial as though the petition contained such averment. If, upon consideration of the whole record, substantial justice has been done, the court will not reverse for failure to plead a promise to pay. It is said, however, that the jury should nevertheless have found such fact, and counsel rely upon *Columbus, H. V. & T. Ry.* v. *Gaffney,* 65 Ohio St. 104 [61 N. E. Rep. 152], the first proposition of the syllabus being:

"The meeting of the minds of parties upon its terms is necessary to the making of a contract; and this is so whether it be an express contract or an implied one, if, in the latter case, the contract to be proved is an actual one as distinguished from a constructive contract."

The jury in this case have found that the defendant requested plaintiff by his conduct to furnish the services; that at the time of said request plaintiff expected defendant to pay him and defendant intended to become liable to plaintiff. This shows a meeting of the minds of the parties upon all the essential terms of the contract unless it be neces-

Brown v. Ricketts.

sary to find that the defendant promised to pay a reasonable value of the services. In 15 Am. & Eng. Enc. Law (2 ed.) 1081, the rule is stated as follows:

"It is well settled that where one performs services for another at his request, but without any agreement or understanding as to wages or remuneration, the law implies a promise on the part of the party requesting the services to pay a just and reasonable compensation, unless there is a family relation existing between the parties, and this remuneration is recoverable on a *quantum meruit.*"

Professor Keener, in his work, Quasi-Contracts, at pages 4 and 5, says:

"Suppose, however, that A should write to a livery keeper simply requesting him to send a coupe to his house at a certain hour, and the coupe was sent and used by A, there would certainly be no express contract, since A has never in words said that he intended to assume any obligation in favor of B. And yet A's conduct speaks quite as loudly as words, and leaves no doubt of his intention to enter into a contract with B for the use of the coupe. No one would question that A had communicated such an intention to B, and that he can be fairly said to have promised to pay him for the use of his property."

If the conclusion is so self-evident that no one would question it, then certainly it is such a conclusion as the court may draw from the facts already found by the jury. It would have added no fact to the special verdict had the jury found that a contract was made by the parties, and that the defendant thereby became indebted to the plaintiff, each of which is a conclusion of law.

Counsel for plaintiff in error also claims that the jury should have set forth in their verdict the particular conduct from which the request is inferred or implied, but this would be presenting the evidence to prove the fact and not the fact as established by the evidence, and therefore in violation of Lan. R. L. 8709 (R. S. 5200).

This is the second trial of the case with a like result in each, and, substantial justice being done, the judgment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.